United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-61128
Summary Calendar

MUHAMMAD MOTEN MAQSOOD,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition For Review of an Order of the
Board of Immigration Appeals
(BIA No. A78-352-830)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Muhammad Moten Maqsood asks this court to review
the decision of the Board of Immigration Appeals (BIA) that
affirmed the Immigration judge's (IJ) order denying Petitioner's
application for asylum and withholding of removal.

When, as here, the BIA summarily affirms without opinion and
essentially adopts the IJ's decision, we review the IJ's decision.
See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

The IJ ruled that Maqsood did not timely file his application
for asylum. This ruling, which Maqsood has not challenged, is not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewable by a court. See 8 U.S.C. § 1158(a)(3). Accordingly, regarding denial of the asylum, the petition is dismissed for lack of jurisdiction.

Maqsood argues that the IJ erred in determinating that he was ineligible for withholding of removal, contending that the IJ did not correctly assess his testimony and mistook confusion for a lack of credibility. Maqsood has not demonstrated that the record compels a conclusion contrary to that of the IJ and therefore has not provided a basis for us to substitute our determination for that of the IJ concerning credibility or ultimate factual findings based on credibility determinations. Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002).

Maqsood also argues that the IJ erroneously denied his application for withholding of removal because evidence shows that he will suffer persecution if he returns to Pakistan. The IJ's conclusion that Maqsood did not establish a clear probability that he will be persecuted if he returns to Pakistan is supported by substantial record evidence. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

Maqsood further argues that his case did not meet the BIA's requirements for issuance of an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), and that the BIA's use of such summary procedure violated his due process rights. The due process argument is without merit. See Soajede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003) (rejecting due process challenge to a

similar summary affirmance procedure set forth in 8 U.S.C. § 1003(a)(7)). Furthermore, as the decision of the IJ was correct and does not raise any substantial factual or legal questions on appeal, that decision meets the criteria for a summary affirmance pursuant to 8 U.S.C. § 1003.1(4).

For the foregoing reasons, the petition for review is denied.

DISMISS IN PART; DENIED IN PART.